UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENEA SQUARE PARTNERS, L.P., <br><br> Appellant, <br><br> v. <br><br> NUCP FUND I, LLC, <br><br> Appellee. | No. C-11-80302 MISC EMC <br><br> **ORDER DENYING APPELLANT'S EMERGENCY MOTION TO STAY PENDING APPEAL** <br><br> **(Docket Nos. 2, 7)** |

Appellant Enea Square Partners, L.P. has filed an emergency motion asking the Court to stay, pending appeal, the order of the bankruptcy court which granted Appellee NUCP Fund I, LLC relief from the automatic bankruptcy stay thereby permitting foreclosure on Appellant's property. A hearing was held on the emergency motion on December 19, 2011. At the conclusion of the hearing, the Court **DENIED** Enea's emergency motion. This order memorializes the Court's oral ruling and highlights the main conclusions made by the Court during the hearing. In particular:

• Enea did not formally ask the bankruptcy court for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. However, it did move the bankruptcy court to extend the automatic stay pending a hearing on its motion for relief from judgment/a new trial – which, in substance in this case given the arguments presented, is the equivalent of a motion

1  for relief under Rule 8005.[1]  Accordingly, the Court rejects NUCP's argument that Enea's
2  motion should be denied on procedural grounds.
3  • The bankruptcy court's effective denial of a stay pending appeal is reviewed for an abuse of
4  discretion.  *See Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 844 (E.D. Cal. 2006).  Under
5  this standard, legal issues are reviewed de novo, but application of the law to the facts and
6  factual determinations constitute an abuse of discretion only where the bankruptcy court's
7  "'action is arbitrary, fanciful or unreasonable which is another way of saying that discretion
8  is abused only where no reasonable man would take the view adopted by the trial court.'"  *Id.*
9  • To the extent Enea argues de novo review is applicable in the instant case, the Court does not
10  agree.  The bankruptcy court did not commit any errors of law.  Contrary to what Enea
11  argues, the bankruptcy court did not require it to meet the more rigorous legal standard in
12  assessing the Debtor's plan which would be applied at a confirmation hearing.  For example,
13  the bankruptcy court did not, during the hearing on NUCP's motion for relief from the
14  automatic bankruptcy stay, attempt to fine tune the appropriate interest rate (*e.g.*, 10% as
15  advocated by NUCP); it simply noted that, under a range of percentages (including 6%, the
16  rate between Enea's proposed rate and NUCP's proposed rate), Enea would be still operating
17  in the red.  To the extent the bankruptcy court implicitly rejected the 2% rate proposed by
18  Enea, it did not abuse its discretion.  *Edgewater Walk Apartments v. MONY Life Ins. Co.*,
19  162 B.R. 490, 499 n.17 (N.D. Ill. 1993).
20  • It would not have been unreasonable for the bankruptcy court to require more of a showing
21  on the possibility of a successful reorganization, because the hearing on NUCP's motion for
22  relief from the automatic bankruptcy stay took place approximately six months after Enea
23  initiated bankruptcy proceedings.  "During the exclusivity period, a Chapter 11 debtor may
24  make a lesser showing that reorganization is probable than if that period has expired"; in
25  contrast, "[w]hen relief from stay is requested near the expiration of the exclusivity period,

---

[1] The bankruptcy court implicitly indicated that it would deny the motion to reimpose the automatic stay when it denied Enea's motion asking that the motion to reimpose the stay be heard on shortened time.

2

the sliding scale or moving target burden of proof requires a greater showing than plausibility"). *In re SW Boston Hotel Venture LLC*, 449 B.R. 156, 179 (D. Mass. 2011) (internal quotation marks omitted). *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988) (noting that "bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan"); *Edgewater Walk Apartments*, 162 B.R. at 500 (finding no abuse of discretion even where "concededly a fairly high level of scrutiny [was applied] to Debtor's plans[;] [g]iven that this is a single-asset case that was in its seventh month at the time of the hearing, it was not unreasonable for the bankruptcy court to set a high threshold").

- The bankruptcy court did not abuse its discretion in effectively denying the request for a stay pending appeal. Under Rule 8005, an appellant seeking a stay pending appeal must essentially meet a test akin to that used for preliminary injunctions. Some courts in this Circuit have applied a test that is more rigorous than that used for preliminary injunctions. *See, e.g.*, *Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R. 113, 120 (S.D. Cal. 2008) (rejecting sliding scale approach and holding that "[a]ppellants [must] show that it is more likely than not they will succeed on the merits, whatever the possibility of irreparable injury"). Other courts, however, have used the same exact test as that used for preliminary injunctions – *i.e.*, to obtain a stay pending an appeal, an appellant "must show: (1) a likelihood of probable success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in its favor." *Lynch v. Cal. PUC*, No C-04-0580 VRW, 2004 U.S. Dist. LEXIS 6022, at *6 (N.D. Cal. Apr. 9, 2004). Under either formulation, the Court concludes that the bankruptcy court did not abuse its discretion. In particular, the bankruptcy court did not abuse its discretion. Enea has not demonstrated either a likelihood of probable success on the merits or even serious questions going to the merits. The Debtor's plan was highly problematic and unlikely to be confirmed as the bankruptcy court found.

- At the hearing, Enea identified three alleged errors by the bankruptcy court: (1) that the bankruptcy court improperly questioned the authenticity or veracity of the Barnes declaration

3

and supporting documents (*i.e.*, such evaluation should have taken place only at the confirmation hearing); (2) that the bankruptcy court improperly accepted the interest rate proposed by NUCP; and (3) that the bankruptcy court concluded that there was a negative cash flow under Enea's proposed plan because it was relying on flawed evidence. The Court has evaluated the arguments and does not find them persuasive. First, contrary to what Enea argues, the bankruptcy court did not question the authenticity or veracity of the Barnes declaration – *i.e.*, it did not find the declaration fraudulent. Rather, the bankruptcy court found the Barnes declaration problematic on the merits. Second, as discussed above, the bankruptcy court did not make any conclusive findings regarding the interest rate and its ruling did not depend on acceptance of NUCP's proposed interest rate. Finally, if there was a problem with the evidence regarding cash flow, that is something that Enea's bankruptcy counsel could have called to the attention of the bankruptcy court. Because counsel did not do so, Enea cannot assert that the bankruptcy court abused its discretion in failing to consider evidence not brought to the court's attention. Enea cannot claim an abuse of discretion based on evidence not submitted to the bankruptcy court, such as the 2013 budget and the new reorganization plan.

For the foregoing reasons and the reasons articulated at the December 19 hearing, Enea's emergency motion is denied.

This order disposes of Docket Nos. 2 and 7.

IT IS SO ORDERED.

Dated: December 20, 2011

_____
EDWARD M. CHEN
United States District Judge